**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| MELISSA  VAN NESS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 2:14-cv-00155-JMS-WGH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Entry on Motion for Relief Pursuant to 28 U.S.C. § 2255**
**And Denial of Certificate of Appealability**

For the reasons explained in this Entry, the motion of Melissa Van Ness for relief pursuant to 28 U.S.C. § 2255 must be denied. In addition, the court finds that a certificate of appealability should not issue.

**I. Background**

On April 13, 2010, Van Ness was charged in Count One of a two count multi-defendant Indictment with conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On June 15, 2010, a Superseding Indictment was handed down, adding additional defendants and additional counts. Van Ness was charged only with respect to Count 1 of the Superseding Indictment, and the allegations against her remained unchanged.

1

On June 4, 2010, Van Ness filed a Petition to Enter a Plea of Guilty. In the Petition, Van Ness represented the following: 1) she received a copy of the Indictment, and read and discussed it with her attorney; 2) she understood the charges brought against her; 3) her attorney advised her of the punishment; 4) she made no claim of innocence; and 5) she declared that her plea of guilty was offered freely and voluntary and of her own accord.

On that same date, a Plea Agreement was filed pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. On June 18, 2010, a change of plea hearing was held and Van Ness was adjudged guilty as to Count 1 of the Superseding Indictment. During this hearing, the following exchange occurred:

> THE COURT:  Okay.  But because you have a prior felony drug conviction, and is that true, you have a prior felony drug conviction?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Is that a state conviction, state court?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  What court was it in?  What court; do you remember?
>
> THE DEFENDANT:  Terre Haute.
>
> THE COURT:  In Vigo County?
>
> THE DEFENDANT:  Yeah.
>
> ....

> THE COURT:  In Vigo County, and what was that charge?
>
> THE DEFENDANT:  Dealing.
>
> THE COURT:  In?
>
> THE DEFENDANT:  Methamphetamines.
>
> THE COURT:  Okay.  All right.  Because of that prior charge, the Government has filed an information that this crime may be punished by a prison term of less than ten years and not more than life, a period of supervised release of not less than eight years and a fine of up to $4 million; do you understand that?
>
> THE DEFENDANT:  Yeah, but I ain't got $4 million.

Plea Hearing Transcript, Criminal Docket, dkt. 1457, pages 17-18.

On June 29, 2010, the United States filed the § 851 Information.

On November 3, 2010, the Court sentenced Van Ness to 120 months in prison, to be followed by eight years of supervised release. Van Ness was also assessed the mandatory assessment of $100 and ordered to pay a fine of $500. The judgment of conviction was entered on November 9, 2010.

On May 28, 2014, Van Ness filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Van Ness argues that her counsel was constitutionally ineffective by failing to argue the untimeliness of the § 851 Information filed by the United States and that the § 851 enhancement is invalid and she should be resentenced without the § 851 enhancement.

## II. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner challenges her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted).

The United States argues that this action should be dismissed because Van Ness's § 2255 motion is barred both by the statute of limitations and her waiver of post-conviction rights in her plea agreement.

### A. Statute of Limitations

First, the United States argues that Van Ness' motion is time-barred and should be summarily dismissed with prejudice on this basis. A § 2255 motion must be filed within one year of the time the judgment of conviction becomes final. *See Clay v. United States*, 537 U.S. 522, 532 (2003); 28 U.S.C. § 2255(f)(1). Van Ness did not appeal her conviction or her sentence, thus her conviction became final November 23, 2010. *Id. See also United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999); *Kapril v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). The last day on which Van Ness could

4

have filed a timely § 2255 motion was November 23, 2011. Thus, Van Ness' motion is untimely by over 2 years and six months.

In response, Van Ness argues that her petition should be deemed timely pursuant to the doctrine of equitable tolling. She explains that after she requested a copy of her docket sheet in December 20, 2013, she discovered that the United States filed an Information pursuant to 21 U.S.C. § 851(A)(1) on June 29, 2010, which was after she had filed her petition to enter a plea of guilty on June 4, 2010, (but before she was sentenced). Van Ness argues that she was not aware of the § 851 enhancement and that the enhancement would not have been easily discovered. But, the § 851 enhancement was not a secret. The § 851 Information and its effects were discussed in the petition to enter a guilty plea, the stipulated factual basis and the plea agreement. In addition, Van Ness contends that while incarcerated she has participated in mental health treatment and has been transferred to different prisons on two occasions. She currently does not have regular access the law library because of her prison job.  Dkt. 8 at p. 3.

The statute of limitations is not jurisdictional, *see Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1999), and could be subject to equitable tolling in an appropriate case. *See Taliani v. Chrons*, 189 F.3d 597, 597-98 (7th Cir. 1999). But this is not such a case. "[S]uch relief is available only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside [her] control and through no fault of [her] own." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (*citing Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir.2004); *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004)). "Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Id.* Van Ness has not alleged any extraordinary circumstances which prohibited her from timely filing her § 2255 motion and thus she is not entitled to equitable tolling.

Van Ness's § 2255 is untimely and subject to dismissal on this basis. However, even if she were entitled to equitable tolling and her § 2255 motion was considered timely filed, she is not entitled to any relief for the reason explained below.

### B. Waiver of Post-Conviction Rights

The plea agreement entered into between Van Ness and the United States and accepted by the Court contains a provision whereby Van Ness expressly agreed not to contest, or seek to modify, her conviction or sentence or the manner in which it was determined in an action brought under 28 U.S.C. § 2255. "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). In this case, Van Ness is not challenging the voluntariness of the negotiation of the waiver in her plea agreement. Nor has Van Ness identified any basis upon which this Court could conclude that her acceptance of the waiver was tainted by ineffective assistance of counsel. This Court found, when it accepted Van Ness' plea of guilty, that the plea was entered knowingly and voluntarily. Nothing presented by Van Ness undermines or undercuts that finding.

Instead, Van Ness is contesting her sentence, and the manner in which it was determined, and that challenge violates Van Ness' express agreement as set forth in her Plea Agreement. Van Ness made the decision to accept the Plea Agreement, including the agreement's waivers of appeal and of post-conviction relief. The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. *See United States v. Hare*, 269 F.3d 859, 860 (7th

Cir. 2001). Accordingly, the waiver of the right to file a petition under § 2255 is enforceable and this action is barred.

### C. Enhanced Sentence was Appropriate

Even if the merits of Van Ness's claims were considered, she is not entitled to relief. Van Ness argues that the district court did not have jurisdiction to impose an enhanced sentence due to her prior conviction because the government failed to satisfy the procedural requirements of § 851(a). Section 851(a)(1) provides:

> No person ... shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

In this case, United States should have filed the § 851 Information before the plea agreement was filed. Van Ness argues that her attorney should have challenged the filing of the § 851 on the basis that it was filed after her guilty plea was entered. Van Ness argues that as a result of this procedural deficiency, this court lacked jurisdiction to enhance her sentence.

Unfortunately for Van Ness, however, the law in the Seventh Circuit is that § 851(a)'s procedural requirements are not jurisdictional. *United States v. Ceballos*, 302 F.3d 679, 692 (7th Cir. 2002) (expressly overruling prior cases holding otherwise). In *Ceballos,* the United States advised defendant's counsel before trial that it would seek an enhanced sentence due to the defendant's prior conviction and identified the specific convictions upon which it would rely. This information was communicated to the defendant before trial. Thus, the defendant had actual knowledge of the enhancement before trial and the district court properly enhanced the defendant's sentence. *Id.* at 693.

The result is the same in this case. Van Ness had actual knowledge of the enhancement before entering her guilty plea and her sentence was properly enhanced. For example, the plea

agreement itself makes clear that she has a prior conviction and there is no suggestion that any challenge to that conviction was feasible. Van Ness suggests that her counsel should have challenged the enhancement of her sentence, but this claim would not have succeeded on appeal because the plea agreement and plea colloquy both plainly indicated that Van Ness had been notified of the enhancement and had waived her right to challenge it. *See e.g., Cummings v. United States*, 84 F. App'x 603, 605 (6th Cir. 2003) (finding no relief warranted under § 2255 when § 851 was filed late, but plea agreement and plea colloquy indicated defendant had been notified of the enhancement). The record reflects that Van Ness specifically admitted that she had a prior state felony drug conviction and that the United States would file an Information which meant that the drug conspiracy charge she was facing would be punishable by a prison term of no less than ten years and no more than life. This court ultimately sentenced Van Ness to 120 months in prison consistent with both statute and the plea agreement. Under these circumstances the court did not lack jurisdiction in imposing Van Ness's sentence.

The motion for relief pursuant to § 2255 is therefore denied as barred by the statute of limitations and the waiver provisions of the plea agreement. In addition, Van Ness's jurisdictional challenges are without merit. Judgment consistent with this Entry shall now issue.

### III.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Van Ness has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct

in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

The **clerk is directed** to docket a copy of this Entry in **2:10-cr-0007-JMS-CMM-17.**

**IT IS SO ORDERED.**

Date: <u>December 1, 2015</u>

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

MELISSA VAN NESS
09491-028
ALDERSON - FPC
ALDERSON FEDERAL PRISON CAMP
Inmate Mail/Parcels
GLEN RAY RD. BOX A
ALDERSON, WV 24910